J-S18024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH WRIGHT, | : | |
| | : | |
| Appellant | : | No. 1244 WDA 2017 |

Appeal from the PCRA Order August 1, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0003580-2011

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018

Keith Wright ("Wright") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On the night of December 31, 2010, Tauvea Hurt ("the victim") was attending a party at a townhouse in Clairton, Pennsylvania. Around 1:00 a.m., Wright and his brother, Lindsey Wright ("Lindsey"), entered the townhouse wearing masks and dark clothing. Lindsey pushed through a crowd of people, and confronted the victim, while Wright stood by the front door. Following a physical altercation between Lindsey and the victim, Lindsey pulled out a gun and shot the victim. Lindsey then approached and stood over the victim, and shot him eight more times. Lindsey and Wright fled the townhouse. The victim was transported to the hospital and pronounced dead later that day.

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

Subsequently, Wright presented to a hospital for treatment of a bullet wound to the foot. Police were notified and dispatched to the hospital to interview Wright. Police believed that Wright was an innocent bystander, so no charges were immediately filed. However, the police's investigation produced several witnesses who identified Wright and Lindsey as the masked men.

On February 3, 2012, following a jury trial, Wright was convicted of second-degree murder, burglary, and criminal conspiracy to commit burglary. The trial court sentenced Wright to an aggregate prison term of life plus 7 to 14 years. Wright filed a timely post-sentence Motion, which was denied by the trial court.

This Court vacated Wright's judgment of sentence as to the burglary conviction and affirmed the sentence in all other respects, and the Pennsylvania Supreme Court denied allowance of appeal. See Commonwealth v. Wright, 97 A.3d 812 (Pa. Super. 2013) (unpublished memorandum), appeal denied, 95 A.3d 278 (Pa. 2014).

Wright filed a timely PCRA Petition. The PCRA court appointed Wright counsel, who filed an amended Petition. Following a hearing, the PCRA court denied Wright's PCRA Petition. Wright filed a timely Notice of Appeal.

On appeal, Wright raises the following question for our review:

Whether trial counsel gave ineffective assistance for failing to request a jury instruction that[,] because the Commonwealth had lost or destroyed clothing in its possession without testing for DNA

or gunshot residue, any inference that it could have been exculpatory should have been given to [Wright]?

Brief for Appellant at 5.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Wright contends that his trial counsel, Christy P. Foreman, Esquire ("Attorney Foreman"), was ineffective for failing to request a jury instruction regarding missing evidence, Pennsylvania Standard Jury Instruction 3.21B. Brief for Appellant at 27, 32-35. Wright claims that the Commonwealth possessed jeans that he was wearing the night of the incident and failed to present the clothing as evidence at trial. Id. at 32. Wright alleges that the fact that his jeans were blue in color is material because a witness told police that the perpetrators were wearing all black. Id. at 28-29. Wright asserts that had the jeans been presented as evidence at trial, the jury may have discredited the witness's identification of him, and found him not guilty. Id. at 32, 34-35. Moreover, Wright claims that Attorney Foreman lacked a reasonable basis for not requesting the jury instruction. Id. at 34-35.

To succeed on an ineffectiveness claim, Wright must demonstrate by a preponderance of evidence that

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. Commonwealth v. Hannible, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. Commonwealth v. Martin, 5 A.3d 177, 183 (Pa. 2010).

In order to demonstrate the arguable merit of an ineffectiveness claim for failure to raise a jury instruction, an appellant must prove that he was entitled to the jury instruction based upon the evidence in the case. Commonwealth v. Spotz, 18 A.3d 244, 299–300 (Pa. 2011).

Pa.SSJI (Crim) 3.21B provides as follows:

1. There is a question about what weight, if any, you should give to the failure of the Commonwealth to produce an item of potential evidence at this trial.

2. If three factors are present, and there is no satisfactory explanation for a party's failure to produce an item, the jury is allowed to draw a common-sense inference that the item would have been evidence unfavorable to that party. The three necessary factors are:

First, the item is available to that party and not to the other.

Second, it appears the item contains or shows special information material to the issue; and

Third, the item would not be merely cumulative evidence.

3. Therefore, if you find these three factors present and there is no satisfactory explanation for the Commonwealth's failure to produce the item, at this trial, you may infer, if you choose to do so, that it would have been evidence unfavorable to the Commonwealth.

Pa.SSJI (Crim) 3.21B.

Here, Taryn Ingram ("Ingram"), an eyewitness to the shooting, "immediately identified" the masked men as Wright and Lindsey. See N.T., 1/30/12-2/1/12, at 165-66; see also Criminal Complaint, Affidavit of Probable Cause, 1/5/11, at 2. At trial, she testified that they were wearing dark clothing, either black or blue in color. See N.T., 1/30/12-2/1/12, at 165-66; see also id. at 110 (wherein Parris Shepherd testified that the two masked men were wearing black hoodies); id. at 140 (wherein Shelby Taylor testified that the two masked men were wearing "dark clothes"). Ingram stated that Wright stood by the door while Lindsey walked across the living room and engaged in a fight with the victim. Id. at 166-68. She said that Wright remained by the front door as Lindsey shot the victim six or seven times, and did not move until Lindsey fled out the back door, and Wright followed. Id.

Further, Wright admitted to being at the party when the victim was shot. Id. at 294-98. He testified that he went with Lindsey to the party, knowing that Lindsey intended on killing the victim as retribution for the victim's involvement in shooting Wright several months prior. Id. at 319-24, 345-47. Wright stated that he watched Lindsey shoot the victim numerous times, then

fled out the back door with Lindsey. Id. at 318-28. Moreover, testing for gunpowder residue on Wright proved that he either fired a gun, was in close proximity to a discharging gun, or came into contact with material that had gunpowder residue on it. Id. at 31-32.

The identification of Wright as one of the masked men did not rely on the color of his pants. Indeed, none of the eyewitnesses testified that Wright was wearing black pants. Thus, the color of Wright's pants was not material to the identity of the perpetrators. See Pa.SSJI (Crim) 3.21B. Because Wright was not entitled to Jury Instruction 3.21(B), there is no arguable merit to his ineffectiveness claim. See Ali, supra. Further, the failure to request this instruction would not have changed the outcome of the proceedings based upon the overwhelming evidence of guilt. Accordingly, Attorney Foreman was not ineffective for failing to request the instruction.[2]

Based on the foregoing, we affirm the PCRA court's Order.

Order affirmed.

_____

[2] We note that in his Statement of Questions, Wright alleges that the Commonwealth's failure to test his jeans for gunshot residue ("GSR") and DNA evidence also entitled him to Jury Instruction 3.21(B). However, Wright makes no argument as to how GSR or DNA evidence would have supported his case. See Pa.R.A.P. 2119(a) (stating that an appellant's argument must include a discussion of and citation to pertinent authorities). Accordingly, this claim is waived. See Commonwealth v. Rhodes, 54 A.3d 908, 915 (Pa. Super. 2012) (stating that where an appellant fails to adequately develop argument of a claim, that claim is waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/15/2018